PER CURIAM.
This is an appeal from an order of commitment to a fosterage of a minor, and directing the parents to pay the amount of the foster care. The order appealed from was entered by a duly elected County Judge of another county of Florida, but who had been assigned by the Chief Justice of the Supreme Court of Florida to Alachua County, where this case arose.
The parents question the authority of the “assigned” judge to enter the order as Juvenile Court Judge of Alachua County, under authority of F.S. 39.15(6), F.S.A. The State contends that Article V, Section 2, Florida Constitution, F.S.A., vested in the Chief Justice the authority to transfer one judge to take the place of another in his absence and by so doing vested in such assigned judge the same authority the resident judge could have exercised. We agree with this contention and hold that the assigned County Judge had lawful authority to act in the instant case.
The next question raised by appellants concerns the competency of the evidence to support the court’s order. The court sat as the trier of the facts and there appears to be sufficient competent evidence to support his findings and determination.
The remaining question raised is without merit.
The State has raised the question of the timeliness of filing the notice of ap *557 peal, and a supplemental brief on this question has been filed with this court by the appellants. We agree with appellants’ contention that the time for filing the appeal is governed by Florida Appellate Rule 3.2(b), 32 F.S.A. and therefore timely.
For the reasons stated supra, however, the order appealed from is affirmed.
RAWLS, Acting C. J., and JOHNSON and SPECTOR, JJ., concur.